Martin, J.
delivered the opinion of the court. The plaintiff’s counsel contends, that he is at liberty to use the defendant’s interrogatory, and is not bound to have recourse to it. This may be true; but it is equally so, that the defendant has an undoubted right to avail himself of it. It is legal evidence in the cause, and cannot be prevented from being resorted to, by the party who introduced it. A party, who has taken the deposition of a witness, cannot set it aside, when it appears unfavorable to his cause. All legal pieces of evidence on the record may be freely used by either party; not more by the one who introduced it, than by his opponent.
The defendant’s answer to the interrogatories, if used at all, by either party, must be taken together, and cannot be divided.
He had a right to explain his answer, and add thereto such circumstances as might prevent his being entrapped by too general an answer to a too general interrogatory. But his counsel contends that, as the plaintiff can contradict her acknowledgment of full payment, he has the right to shew what the consideration really was, in contradiction of the terms of the conveyance *593 The argument appears plausible; but will not perhaps stand the test of a close examination.
The general rule is contra fulem scripti, testis non adhibitur: to this the legislator has seen fit to introduce an exception, viz. that, when the act does not express that the consideration was paid at the time and in the sight of the notary, the vendee is not liberated by the acknowledgment of the vendor, that the consideration money was previously paid, from the onus probandi, from proving the payment there acknowledged, if sued within two years, unless the right of thus calling for this proof be expressly waved, by a renunciation to the exception de non nu-merata pecunia. It does not necessarily follow, as a consequence of this principle, that when the vendor avails himself of this tion, every thing or any thing else, except the payment, is afloat in the conveyance, and is necessarily to be proven or susceptible of being disproven by parol evidence. Will the vendee be permitted to say that he made no contract at all-that he had long terms of payment, not yet elapsed-that there was a warranty agreed on and not expressed, by the breach of which he is exonerated? When the vendee would avail himself of this right by denying what he had assented to in the deed-or by insisting on *594 clauses not therein mentioned, would not the 1818. vendor claim as a corollary the right of setting afloat any inconvenient averment in the deed? If some, and not all, of these deviations from the letter of the act are to be tolerated, where is the line to be drawn ? Perhaps the safest way is not to allow any exception from the general principle, except the one introduced by the statute, and that the vendee does not derive, as a corollary from the right of the vendor, under the exception de non numerata pecunia, that of gainsaying any thing averred in the act, particularly to alledge and demand to be admitted to prove by parol evidence, that the consideration was a lesser one than that acknowledged in the deed-although he might, perhaps, alledge and prove by parol evidence, that a less sum was received in payment of a larger one, stipulated for; as in case of a deed, expressing a sum of one thousand dollars, agreed to he paid at a future day, parol evidence might be admitted to shew, that afterwards the parties agreed to postpone the payment to a more remote one-or that the obligee received any thing or a less sum, in full payment or discharge of the sum mentioned in the act.
In the present case, if the defence rested on the plea that the consideration of the sale was *595 one hundred and not one thousand dollars, the plaintiff would be entitled to a recovery.
But the defendant has pleaded that the sale was a simulated one; that the consideration was one hundred dollars in cash; but that, in order to enable the defendant to dispose of the premises, on more advantageous terms, one thousand dollars were mentioned, at the request of the defendant, and the plaintiff had not then, nor has she now, any just claim on the defendant for one cent more. In other words, that the contract was a simulated one. There is no doubt that, if the defendant had a counter letter, by which he could make that appear, he might avail himself of this defence; and it is equally clear that he might likewise have the benefit of this defence, if the plaintiff had interrogated him in this respect. It remains for us to consider whether, when the plaintiff shews by parol evidence, a circumstance which, if shewn, by written evidence, would avail, it must not be deemed to have been legally proven. Written evidence is insisted on by law for the protection of him who claims the execution of the deed of his adverse party, lest the latter should destroy, by suborned witnesses, the effect of the agreement, which the former had the precaution to consign in a *596 written act-lest, through the frailty of human memory, even honest witnesses might represent it in a different light; but every one may renounce any benefit which the law secures to him-if he, therefore, will run the risque of probing his adversary’s conscience, he must abide by the result. If, when the parties are at issue on the simulation of an act, the party who claims the execution of it, introduces parol evidence of its simulation, will the court shut their ears? When they are thereby convinced that the act is simulated, can they find the issue against the simulation?
Here the defendant pleaded the simulation of the instrument, viz. that, although the real consideration was one hundred dollars, one thousand dollars were mentioned, to favor some fair view of his-not injurious to the plaintiff. The plaintiff introduces a witness, who deposes that the contract was really a simulated one; that, although it purported to be an absolute sale of the premises for one thousand dollars, the parties intended that the plaintiff should preserve her interest, though she parted with the title, the apparent right in the premises, in order that the defendant, appearing as owner of them, might with more confidence, be treated with, by persons desirous of purchasing-that, *597 after the sale, the plaintiff was to receive the price of the premises, deducting the one hundred advanced, and likewise a proper, remuneration for the defendant’s trouble. Although this testimony does not perfectly accord with that of the defendant’s witnesses, yet all who are sworn declare, that the sale was not an absolute one, as the plaintiff insists upon-that it was simulated. The plaintiff’s main averment, in her petition, is traversed by the defendant, and disproved by the plaintiff’s own witnesses. Will it be said, her witness was introduced to destroy the credit of the defendant’s answer to the interrogatory-and the court must notice what he says for this purpose, and shut their ears, and reject every thing else of which he speaks, even when the plaintiff especially interrogated him thereto? The court thinks that the deposition can neither be withdrawn nor divided.
The court thinks that the parish court erred in rejecting Croswell’s testimony&emdash;the plaintiff liad a right to it, in order to discredit the defendant’s answer. The offer made to and rejected by her of five hundred dollars for the premises, was a circumstance, which lessened the credit to be given to an assertion that she agreed to take one hundred dollars therefor. *598 But we cannot think of remanding the cause for this error, because the rectification of it would not affect the ultimate decision of the cause; as, although it might destroy one of the principal means of defence, it would not help the claim, as it would not support the averment that the sale was absolute and not simulated.
We do not examine the allegation of fraud, because there is no evidence to support it-nor the want of possession in the plaintiff, because that possession was not alledged at the time of the agreement.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that there be judgment for the defendant on the present claim of the plaintiff; reserving, however, to her, her right of action in compelling the defendant to account for the price of the land, when disposed of, allowing all proper deductions, or to re-convey the premises, if any such right she had, before the institution of the present suit: and it is ordered, that the plaintiff and appellee pay all costs above and below.